```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON
```

GARRY MOSES and INEZ MOSES,           )
personal representatives of the       )
Estate of Michelle M. Moses,          )
Deceased; and GARRY MOSES and         )
INES MOSES, individually,             )
                                      )
                                      ) Civil Action No. 5:09-CV-350-JMH
       Plaintiffs,                    )
                                      )
                                      )
v.                                    )
                                      )
                                      )
MELVIN A. BAKER; JESSICA B.           )   **MEMORANDUM OPINION AND ORDER**
GEYER; DIBIASI J. AUSTIN;             )
UNKNOWN DRIVER; and                   )
ALLSTATE INSURANCE COMPANY,           )
                                      )
                                      )
       Defendants.                    )

                     **     **     **     **     **

Defendant Allstate Insurance Company has filed a Motion for Summary Judgment [Record No. 40]. Plaintiffs have filed a Response [Record No. 43]. This Court being sufficiently advised, Defendant's motion is now ripe for decision.

**I.   PROCEDURAL AND FACTUAL HISTORY**

On December 20, 2008, Michelle Moses was a twenty-one-year-old college student at the University of Florida on her way to her father Garry Moses' home in Ohio for Christmas break. [Record No. 40-3]; [Record No 43, p. 2]. Just before 11:00 PM, as Michelle Moses was traveling north on I-75 in the middle lane of traffic, she lost control of her Mazda 3 and her vehicle slid across the left lane. [Record No. 40-3, pp. 5-6]. At least one witness

described seeing an unknown vehicle strike the back of Moses' car causing it to lose control. *Id.* Moses' car hit a median concrete wall and bounced off the wall before spinning out of control and striking the wall again, coming to a rest partially blocking the left lane. *Id.*

As Moses was getting out of her car, another collision occurred. *Id.* The driver of that third vehicle, Defendant Melvin A. Baker, struck Moses' Mazda 3 so violently as to knock Moses over the median divider and into the left lane of southbound I-75. [Record No. 1, paras. 17-19]. Michelle Moses lay on the interstate still alive. *Id.* at paras. 20-24. Cars driven by defendants Jessica B. Geyer and Dibiasi J. Austin then hit and ran over Moses, killing her. *Id.*

Plaintiffs seek to recover under the uninsured/underinsured motorists' section of an insurance policy issued by Allstate Insurance Company to Plaintiff Garry M. Moses. *Id.* at paras. 45-49. The policy in question extends coverage under this policy to an insured person, defined by the policy as a resident relative, driving an otherwise uninsured car. [Record No. 40-6, pp. 29, 33]. The policy defines a resident as "a person who physically resides in **your** household with the intention to continue residence there." [Record No. 40-6, p. 20] (emphasis in original). Furthermore, the definition states "**Your** unmarried dependent children while temporarily away from home will be considered **residents** if they

2

intend to resume residing in **your** household." *Id*. (emphasis added). Defendant argues that Michelle Moses was not a resident relative of Plaintiff Garry Moses but rather resided in Florida with no intention of resuming residence with her parents in Ohio. [Record No. 40-2, pp. 13-14]. Plaintiffs respond that Michelle Moses' repeated trips home for summer vacations and Christmas break show Moses intended to reside in their household entitling her to coverage under the policy. [Record No. 43, pp. 3-5].

## II. STANDARD OF REVIEW

The standard for summary judgment mirrors the standard for directed verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). A grant of summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden is met simply by showing the court that there is an absence of evidence on a material fact on which the nonmoving party has the ultimate burden of proof at trial. *Id.* at 325. The burden then shifts to the nonmoving party to "come forward with some probative evidence to support its claim." *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994) (citation omitted). A material fact is one that may affect the outcome of the issue at trial, as determined by

substantive law.  A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows "that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248; *see also Summers v. Leis*, 368 F.3d 881, 885 (6th Cir. 2004).

The judge's function is not to weigh the evidence, but to decide whether there are genuine issues for trial.  *Anderson*, 477 U.S. at 249; *Multimedia 2000, Inc. v. Attard*, 374 F.3d 377, 380 (6th Cir. 2004).  The evidence should be construed in the light most favorable to the nonmoving party when deciding whether there is enough evidence to overcome summary judgment.  *Anderson*, 477 U.S. at 255; *Summers*, 368 F.3d at 885.

**III. ANALYSIS**

Even assuming that Michelle Moses was a "resident relative" qualifying as an insured person under the policy, the Court agrees with Defendant's alternative argument that the "other owned vehicle" exclusion to coverage provided under the "Uninsured Motorists Insurance Coverage" section would also preclude recovery by Plaintiffs. [Record No. 40-6, p. 30].  The exclusion states, in pertinent part, that:

> Allstate will not pay any damages an insured person . . . is legally entitled to recover because of bodily injury . . . while in, on, getting into or out of, or getting on or off [of a] vehicle owned by or available or furnished for the regular use of **you** or a **resident** which is not insured for this

4

coverage.

[Record No. 40-6, p. 30] (emphasis added). As the Mazda 3 was not covered under this policy, this exclusion applies should the Court find that Michelle Moses was "in, on, getting into or out of, or getting on or off" the Mazda 3 at the time of the second collision. [Record No. 40-6, pp. 7, 30].

Plaintiffs argue, however, that the undisputed facts show that Michelle Moses was not getting out of the Mazda 3 at the time of the second collision, but rather "was a pedestrian at the time she was struck by four underinsured vehicles." [Record No. 43, p. 6]. Ohio law, however, is clear that "the act of 'getting out' of an insured vehicle is not complete until the occupant has reached a place of safety." *Morris v. Cont'l Ins. Cos.*, 594 N.E.2d 1106, 1109 (Ohio Ct. App. 1991) (citing *Joins v. Bonner*, 504 N.E.2d 61, 63 (Ohio 1986)) (applying this definition to a policy that defined "occupying" a vehicle as "in, upon, getting in, on, out or off" the insured vehicle); *see also Pennington v. Ohio Cas. Ins. Co.*, 579 N.E.2d 507, 510 (Ohio Ct. App. 1989) ("[T]he process of leaving a vehicle continues at least until the departing passenger has reached a place of safety.").[1]  Plaintiffs' complaint and police

---

[1] The insurance policy in question contains a choice of law clause which states that Ohio law will govern all claims or disputes related to the policy. [Record No. 40-6, p. 23]. A court sitting in diversity applies the choice of law rules of its forum state. *Himmel v. Ford Motor Co.*, 342 F.3d 593, 598 (6th Cir. 2003) (citations omitted). The Sixth Circuit has held that Kentucky courts recognize choice of law provisions and "the parties' choice

5

reports indicate that Moses was located near the median divider of an unlit wet portion of I-75 on a cloudy dark night at the time of the second collision, a particularly dangerous portion of the road. *See* [Record No. 1, paras. 18-19]; [Record No. 40-3, pp. 5-8]; *see also Etter v. Travelers Ins. Cos.*, 657 N.E.2d 298, 303 (Ohio Ct. App. 1995) ("Undeniably, the highway median is not a place of safety, particularly on an icy day."). Thus, even assuming that Michelle Moses was a "resident relative" under the policy, the "other owned vehicle" exclusion would not allow recovery as Moses was in the process of getting out of her vehicle as that phrase is understood under Ohio law.

Regardless, Michelle Moses was not a resident of Garry Moses' household as defined by the policy and thus, not entitled to coverage. Under Ohio law, "an insurance policy is a contract whose interpretation is a matter of law" and "contract terms are to be given their plain and ordinary meaning." *Lager v. Miller-Gonzalez*,

---

of law should be honored unless (1) 'the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice,' or (2) 'application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest.'" *Wallace Hardware Co. v. Abrams*, 223 F.3d 382, 398 (6th Cir. 2000) (quoting Restatement (Second) of Conflict of Laws § 187 (1971)). As no one disputes that the parties in question have a substantial relationship to Ohio or argues that a fundamental policy of Kentucky state law outweighs the choice of law provision in the insurance policy, this Court shall apply Ohio law. *See* [Record No. 40-2, p. 10-13] (noting that the policy and parties most significant connections are in Ohio); [Record No. 43] (Plaintiffs' Response never questions whether Ohio law applies)

120 Ohio St. 3d 47, 2008-Ohio-4348, 896 N.E.2d 666, at ¶ 15 (Ohio 2008) (citations omitted). Ambiguities in insurance contracts are construed most favorably for the insured. *Gomolka v. State Auto. Mut. Ins. Co.*, 436 N.E.2d 1347, 1348-49 (Ohio 1982) (citations omitted). However, "where the provisions of an insurance policy are clear and unambiguous[,] courts may not indulge themselves in enlarging the contract by implication in order to embrace an object distinct from that contemplated by the parties." *Id.* at 1348 (citations omitted).

The policy, in pertinent part, provides that Allstate Insurance Company "will pay those damages which an insured person or an additional insured person: is legally entitled to recover from the owner or operator of an uninsured auto . . . ." [Record No. 40-6, p. 29] (the policy later defines an uninsured auto to include an underinsured auto). The policy defines the term insured person for purposes of the uninsured/underinsured portion of the policy as follows: "Insured person means . . . you and any resident relative." *Id.* at p. 33. As defined throughout the policy,

> **'Resident'** means a person who physically resides in **your** household with the intention to continue residence there. **We** must be notified whenever an operator becomes **a resident** of **your** household. **Your** unmarried dependent children while temporarily away from home will be considered **residents** if they intend to resume residing in **your** household.

*Id.* at p. 20 (emphasis in original). As the policy clearly defines

7

"Resident" based on the dependent child's intent, this Court must determine whether Michelle Moses intended to resume residing in Garry Moses' household, making her a "resident relative," and thus, an "insured person." *Id.* at pp. 20, 29, 33.

As an initial matter, the Court finds nothing ambiguous about the definition of resident in the policy. The policy defines the term resident based on the intention of the "unmarried dependent children . . . temporarily away from home." *Id.* at p. 20. Plaintiffs cite *Rose v. Nat. Mut. Ins. Co.*, 730 N.E.2d 1014 (Ohio Ct. App. 1999), and *Prud. Prop. & Cas. Ins. Co. v. Koby*, 705 N.E.2d 748 (Ohio Ct. App. 1997), as instructive on how to determine residency in similar insurance policies. *See* [Record No. 43, pp. 3-5]. This Court, however, notes that these cases are easily distinguishable from the matter currently before it, as the policies in question in both *Rose* and *Koby* failed to define the term "resident." *Rose*, at 730 N.E.2d at 1018; *see generally Koby*, 705 N.E.2d 748 (noting "the person's intent" as one of several factors used to determine residency). The definition of "resident" in this policy, however, leaves no ambiguity as to the requirement that Michelle Moses show an intention to resume residing in the household of the insured, Garry Moses. *See* [Record No. 40-6, p. 20]; *see also Allstate Ins. Co. v. Eyster*, 189 Ohio App. 3d 640, 2010-Ohio-3673, 939 N.E.2d 1274, at ¶ 23-24 (looking solely to the intent of the decedent in determining residency under the exact

8

same definition of resident as seen in the policy currently before the Court).

Plaintiffs, however, have failed to show that Michelle Moses was covered by the policy as a "resident relative." *See* [Record No. 40-6, pp. 29, 30, 33]. Under Ohio law, "[t]he party seeking to recover under an insurance policy bears the burden of proof to demonstrate that the policy provides coverage for the particular loss" while the party seeking to enforce an exclusion to coverage carries the burden of showing it applies. *Eyster*, 2010-Ohio-3673, at ¶20 (citations omitted). Defendant argues the following evidence indicates that Michelle Moses, who lived in Florida while attending college at the University of Florida, did not intend to reside again in Plaintiff's household: (1) Michelle Moses had a Florida drivers' license [Record No. 40-3, p. 7], (2) Michelle Moses' car was registered in Florida [Record No. 40-3, p. 7], (3) probate court documents establish Michelle Moses was a resident of Florida [Record No. 40-5, p. 1] and (4) Michelle Moses owned assets located in Florida [Record No. 40-5, pp. 1-2]. In addition, Plaintiffs' interrogatory responses show that Michelle Moses maintained a separate apartment in Florida returning to her parents' home during breaks in the school year. [Record No. 40-4, pp. 1, 4]

While Plaintiffs respond that Michelle Moses' choice to return to Plaintiffs' home for summer vacations and Christmas break

creates a genuine issue of material fact on this question, this showing only weighs in favor of Defendant's argument. [Record No. 43, pp. 3-5]. Ohio law states that "a resident, for purposes of an insurance policy, excludes a temporary or transient visitor." *Allstate Ins. Co. v. Eyster*, 189 Ohio App. 3d 640, 2010-Ohio-3673, 939 N.E.2d 1274, at ¶23 (citations omitted). As seen in *Eyster*, therefore, a dependent child staying in a relative's home during breaks from school while maintaining another residence outside of that relative's home and returning to that other residence to attend school after those breaks demonstrates an intention by that dependent child to stay temporarily at that relative's house, not an intention to resume residing there. *Id.* at ¶ 24 (holding a decedent who lived with her sister for a summer who quit her summer job before returning home to live with her parents to attend school was not a resident of her sister's household under this policy's definition of resident). Thus, Defendant has shown no genuine issue of material fact exists as to an essential element of Plaintiffs' claim and that Defendant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). As Plaintiffs rely on inapplicable case law used by Ohio courts to determine otherwise ambiguous definitions of the term "resident" while failing to present "probative evidence to support [their] claim," this Court shall grant Defendant's motion for summary judgment and dismiss

Plaintiff's claims against Defendant Allstate Insurance Company with prejudice. *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

**IV. CONCLUSION**

There is no ambiguity as to the definition of the term "resident" in the policy currently before the Court. Nor have Plaintiffs shown that their "unmarried dependent [child, Michelle Moses,] while temporarily away from home [intended] to resume residing in [Garry Moses'] household" such that Michelle Moses could be considered a resident relative insured under their policy. [Record No. 40-6, p. 20]. Thus, no genuine issue of material fact exists as to Michelle Moses' lack of intention to resume residing in Garry Moses' household and Plaintiffs have failed to come forward "with some probative evidence to support [their] claim." *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). In addition, the policy's "other owned vehicle" exclusion also prevents recovery under this policy. As this Memorandum Opinion and Order directly addresses the subject of Defendant Allstate Insurance Company's counterclaim,[2] this Court shall also grant summary judgment in favor of Counter Claimant Allstate Insurance Company as to its counterclaim against Counter Defendants Garry

---

[2] Defendant Allstate Insurance Company seeks in its counterclaim against Plaintiffs, in pertinent part, "a declaration of rights that the Plaintiffs are not entitled to uninsured or underinsured motorist benefits under the policy attached to the Plaintiff's Complaint . . . ." [Record No. 6, p. 3].

11

Moses and Inez Moses, personal representatives of the Estate of Michelle M. Moses, deceased, and Garry and Inez Moses, individually.  *See* [Record No. 6, p.3].

Accordingly, **IT IS ORDERED** that Defendant Allstate Insurance Company's Motion for Summary Judgment [Record No. 40] is **GRANTED**.

This the 21st day of July, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge